IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SHERWIN McFADDEN, | ) | C/A No. 4:08-3365-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| ROBERT M. STEVENSON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Sherwin McFadden, ("Petitioner/McFadden") is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on October 6, 2008. Respondent filed a motion for summary judgment on April 8, 2009, along with a return and supporting memorandum. The undersigned issued an order filed April 9, 2009, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response to the motion on June 16, 2009.

It is recommended that this action be dismissed as barred by the statute of limitations, and there are no grounds for equitable tolling. However, the lengthy procedural history is set forth for reference purposes.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been disputed by the Petitioner. Petitioner stated in his response that he "adopts and agrees, basically with the 'Procedural History' as is outlined in Respondent's Return and Memorandum in support of the summary judgment." (Doc. #31). Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

The records before the Court indicate that Petitioner is currently confined at the Broad River Correctional Institution of the South Carolina Department of Corrections pursuant to Orders of Commitment from the Clerk of Court for Orangeburg County. Petitioner was indicted by the Orangeburg County Grand Jury for the offense of Assault and Battery With Intent to Kill (ABWIK). (99-GS-38-1813). Petitioner proceeded to trial on February 28, 2000 before the Honorable Jackson Gregory, Circuit Court Judge, and jury. The State was represented by Assistant Solicitor Christopher J. Murphy. Petitioner was represented by Margaret Hinds, Esquire. Petitioner was convicted by the jury of ABWIK on February 29, 2000. Because of Petitioner's prior criminal record, Petitioner was sentenced on the same date by Judge Gregory to life without parole (LWOP) pursuant to S.C. Code Ann. Section 17-25-45.

**Direct Appeal**

Petitioner directly appealed his conviction and sentence to the South Carolina Court of Appeals. Petitioner was represented in his appeal by Daniel Stacy of the South Carolina Appellate Defender's Office. Petitioner raised three (3) issues in his direct appeal brief:

> (1) Whether the court erred when it refused appellate's request to submit the lesser-included offense of assault and battery of a high and aggravated nature to the jury as a potential verdict, because the evidence supported such a verdict?
>
> (2) Whether the court erred when it permitted evidence of the details of a prior ABHAN offense admitted for impeachment and to show prior difficulties where the facts of that offense were prejudicially similar to the instant case because both cases involved the same victim and *modus operandi*?
>
> (3) Whether the court erred when it permitted evidence that appellant was guilty of criminal sexual conduct in 1985 because the offense was unduly remote and its prejudicial effect outweighed any probative value?

(See Final Brief of Appellant, p. 3). On May 3, 2002, the South Carolina Court of Appeals affirmed Petitioner's conviction and sentence and dismissed his appeal by unpublished opinion. *See* State v. McFadden, Unpublished Opinion No. 2002-UP-321 (Ct. App. Filed May 3, 2002). In its Opinion dismissing the appeal, the South Carolina Court of Appeals addressed each of these issues on the merits. Petitioner filed a Petition for Rehearing. The Petition for Rehearing was denied by the Court of Appeals on June 19, 2002. The Remittitur was issued on August 7, 2002.

**The First PCR**

Petitioner filed an Application for Post-Conviction Relief (PCR) on January 21, 2004 (04-CP- 38-099). An evidentiary hearing was convened at the Dorchester County Courthouse on April 29, 2005 before the Honorable Diane Goodstein, Circuit Court Judge (the PCR Court). Petitioner was represented by his collateral counsel Lakesha Jeffries, Esq. Respondent was represented by Paula S. Magargle, Esq., Assistant Attorney General.

Prior to the start of the hearing the PCR Court advised Petitioner that there was a potential conflict of interest with his attorney because her husband was the Deputy Solicitor for the First

Judicial Circuit. Petitioner understood the potential conflict and waived any and all conflicts with his attorney. Petitioner informed the Court that he wished to proceed with his attorney and did not want another attorney. Petitioner did ask this Court for a continuance and the PCR Court denied Petitioner's request for a continuance. At the hearing, Respondent made a Motion to Dismiss. In his Application for Post-Conviction Relief Petitioner alleged he was being held in custody unlawfully for the following reasons:

1. Ineffective assistance of trial counsel; and

2. Ineffective assistance of appellate counsel.

The PCR Court denied and dismissed Petitioner's PCR Application in a written Order of Dismissal. The Order of Dismissal was issued August 1, 2005 and filed August 5, 2005. In its Order of Dismissal, the PCR Court noted that it had reviewed the records of the Clerk of Court regarding the subject convictions, Petitioner's records from the South Carolina Department of Corrections, and the pleadings. The PCR Court found that the Application for PCR should be dismissed for failure to comply with the filing procedures of the Post Conviction Procedure Act. S.C. Code Ann. § 17-27-10 to -160 ( Supp. 1999). The PCR Court noted that the Act reads as follows:

> An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

S.C. Code Ann. § 17-27-45(a) (Supp. 1999).

The PCR Court also noted that the South Carolina Supreme Court has held that the statute of limitations shall apply to all applications filed after July 1, 1996. *Citing* Peloquin v. State, 321 S.C. 468, 469 S.E.2d 606 (1996). The PCR Court pointed out that Petitioner was convicted of the offense he challenged in this Application on February 29, 2000, his unsuccessful appeal was

dismissed on June 19, 2002, and his PCR Application was filed on January 21, 2004, well after the one year statutory filing period had expired. The court, therefore, found that Petitioner failed to file his application for post conviction relief (PCR) within the time mandated by the Post Conviction Procedure Act, and it dismissed his application with prejudice.

Petitioner appealed from the denial and dismissal of his PCR Application by Judge Goodstein. Petitioner's collateral counsel, Lakesha Jeffries, filed an Explanation of Appeal with the South Carolina Supreme Court. On September 22, 2005, the South Carolina Supreme Court denied and dismissed the appeal. The Remittitur was issued on October 10, 2005. Petitioner subsequently filed a late Affidavit for Reconsideration.

**The 2nd PCR Action**

Petitioner filed a second Application for Post-Conviction Relief (PCR) on June 16, 2006 (06- CP- 38-697). An evidentiary hearing was convened on November 8, 2007 at the Orangeburg County Courthouse before the Honorable Perry Buckner, III., Circuit Court Judge (the 2nd PCR Court). Petitioner was represented by Belinda Davis-Branch and Respondent was represented by Lance S. Boozer, Assistant Attorney General. At the hearing, Respondent made a motion to dismiss the application because it was successive and time barred.

The 2nd PCR Court found that all allegations must be dismissed because the action was successive to Petitioner's prior application for PCR. The 2nd PCR Court pointed out that the Uniform Post Conviction Procedure Act (the Act) provides that:

> All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief,

5

may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application.

S.C. Code Ann. 17-27-90 (1985).

The 2nd PCR Court pointed out that successive applications are disfavored, and the burden is on the applicant (Petitioner) to establish that any new ground raised in a subsequent application could not have been raised by him in a previous application. *Citing* Aice v. State, 305 S.C. 448, 409 S.E.2d 392 (1991); Foxworth v. State, 275 S.C. 615, 274 S.E.2d 415 (1981).

The 2nd PCR Court found that Petitioner had failed to establish sufficient reason why he could not have raised his current allegations in his previous application for PCR. The 2nd PCR Court found and concluded that Petitioner's allegations were clearly allegations that could have been raised in the Petitioner's first PCR application. Therefore, the 2nd PCR Court found Petitioner had failed to meet the burden imposed upon him to present a sufficient reason for his failure to raise these claims in his first PCR case. *Citing* Land v. State, 274 S.C. 243, 262 S.E.2d 735 (1980); Aice, 305 S.C. 448. Accordingly, the application was denied because it was successive.

In addition, the 2nd PCR Court found that all allegations in Petitioner's Application should also be dismissed for failure to comply with the filing procedures of the Act. S.C. Code Ann. 17-27-10 to -160 (Supp. 1999). The 2nd PCR Court noted this Application was filed on June 16, 2006, well after the one- year statutory filing period had expired. Accordingly, the 2nd PCR Application was denied for failure to file within the statute of limitations time period mandated by the Post Conviction Procedure Act.

Petitioner also claimed that newly discovered or after discovered evidence existed. The 2nd PCR Court pointed out that a defendant requesting a new trial based on after discovered evidence

must show that the evidence:

> (1) Is such as would probably change the result if a new trial was had; (2) Has been discovered since the trial; (3) Could not by the exercise of due diligence have been discovered before the trial; (4) Is material to the issue of guilt or innocence; and (5) Is not merely cumulative or impeaching. Hayden v. State, 278 S.C. 610, 611-12, 299 S.E.2d 854, 855 (1983).

Finding that Petitioner had not shown that the alleged evidence in his 2nd Application meets any of the requirements for after-discovered evidence, the 2nd PCR Court dismissed the 2nd PCR Application with prejudice by order filed December 7, 2007.

Petitioner appealed from the dismissal with prejudice of his 2nd PCR action. Petitioner filed a *pro se* Writ of Certiorari with the South Carolina Supreme Court. On February 29, 2008, the South Carolina Supreme Court denied and dismissed Petitioner's appeal from the dismissal of his 2nd PCR action. The Remittitur was issued on March 18, 2008.

## II. HABEAS ALLEGATIONS

Petitioner raises the following Ground in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

**Ground One:** Court erred in refusing to submit ABHAN as a lessor included offense to the jury for consideration as a possible verdict.

    (1) Insufficient evidence to support a specific finding of the "intent to kill."

    (2) Trial Counsel made repeated motions for the charge of ABHAN contending that the issue was raised by the evidence.

    (3) ABHAN is a lessor included offense of ABWIN so evidence presented to support one would also raise a question as to the

other.

(Petition).

### III.  SUMMARY JUDGMENT

On April 8, 2009, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).  The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the

movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since McFadden filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28

9

U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V. DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. (Respondent's Memorandum).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

    (d)(1) A 1-year period of limitation shall apply to an application for

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner was convicted on February 29, 2000, and filed a direct appeal on May 3, 2002. The South Carolina Court of Apepals affirmed the conviction by unpublished opinion filed May 3, 2002. Petitioner filed a Petition for Rehearing which was denied by the South Carolina Court of Appeals on June 19, 2002, and the Remittitur was issued on August 7, 2002. Petitioner had thirty (30) days to appeal this decision but did not file an appeal. Therefore, the conviction became final on September 6, 2002, and the one-year AEDPA statute of limitations expired on September 7, 2003. Petitioner did not file his first PCR application until

11

January 21, 2004, over four months after the one-year statute of limitations had expired.[3] Petitioner filed this habeas petition on October 6, 2008. However, the petition was long outside the limitations period.

Petitioner has not presented evidence to warrant equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the

---

[3] This PCR application would not toll the limitations period as it was filed after the ADEPA one-year limitations period had already expired, and it was dismissed by the PCR court as untimely under the Post Conviction Procedure Act.

petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

In his response, Petitioner did not address Respondent's argument that the petition was time barred. Based on the fact that Petitioner has not shown any extraordinary circumstances to warrant equitable tolling, the petition is barred by the statute of limitations.

### VI. CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #21) be GRANTED, and the petition be dismissed without an evidentiary hearing.

                                    Respectfully Submitted,

                                    s/Thomas E. Rogers, III
                                    Thomas E. Rogers, III
                                    United States Magistrate Judge

November 19, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**